UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                          Case No. 3:19-cr-182

vs.

KEITH HUNTER,                              District Judge Michael J. Newman

    Defendant.

---

**ORDER: (1) DENYING DEFENDANT'S MOTION FOR AN EXPUNGEMENT AND FOR ISSUANCE OF A CERTIFICATE OF REHABILITATION (DOC. 32); (2) DENYING DEFENDANT'S MOTON FOR COMPASSIONATE RELEASE (DOC. 34); (3) DENYING DEFENDANT'S MOTION FOR THE APPOINTMENT OF *PRO BONO* COUNSEL TO REPRESENT HIM WITH CIVIL MATTERS (DOC. 39); AND (4) DIRECTING DEFENDANT TO FILE ADDITIONAL BRIEFING REGARDING HIS MOTION FOR CONCURRENT SENTENCES (DOC. 42) AND HIS RELATED MOTION FOR THE APPOINTMENT OF COUNSEL (DOC. 43).**

---

On January 24, 2020, Defendant, then represented by counsel, pled guilty to a one-count information charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. 18. In August 2020, the Court sentenced Defendant to, *inter alia*, a term of 36 months in prison. Doc. 30. Defendant now proceeding *pro se* moves for: (1) an expungement and a certificate of rehabilitation (doc. 32); (2) compassionate release (doc. 34); (3) the appointment of counsel to represent him in unidentified civil matters (doc. 39); and (4) an order requesting that his sentence in this case run concurrent to a sentence he purportedly received for violating the terms of his post-release control in the State of Ohio, as well as a motion for the appointment of counsel to represent him with regard to such request (docs. 42, 43). The Court will address these motions in turn. Each motion has been liberally construed in *pro se* Defendant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

  **A.**  **Expungement**

Defendant requests the expungement of his conviction and issuance of a certificate of rehabilitation so that he will not be hindered in seeking employment following his release from prison.  Doc. 32.  The government filed a memorandum in opposition to Defendant's motion arguing that the Court lacks authority to expunge Defendant's conviction; Defendant identifies no authority regarding issuance of a certificate of rehabilitation; and Defendant's request is premature because he is still serving his federal sentence.  Doc. 33.

The Court agrees with each of the government's arguments and **DENIES** Defendant's motion.  *See United States v. Field*, 756 F.3d 911, 915 (6th Cir. 2014) ("[F]ederal courts lack ancillary jurisdiction over motions for expungement that are grounded on purely equitable considerations -- *e.g.*, motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities"); *United States v. Deer*, 249 F. Supp. 3d 876, 878 (N.D. Ohio 2017) (concluding that district courts "have no jurisdiction to craft, create, and issue . . . a 'Certificate of Rehabilitation'").

  **B.**  **Compassionate Release**

Next, Defendant seeks compassionate release on the basis that he is needed to care for his children because his mother, who is presently caring for them, is suffering from health issues.  *Id*.  Pursuant to Amended General Order 20-21, the Court appointed counsel on Defendant's behalf for purposes of assisting with the motion; counsel who was ordered to file a notice of intent informing the Court as to whether or not a supplemental motion for compassionate release would be submitted on Defendant's behalf.  Doc. 36.  Pursuant to Amended General Order 20-21, appointed counsel subsequently filed a notice advising the Court that no supplemental motion for compassionate release would be filed.  Doc. 41.  Thereafter, the government filed a memorandum

in opposition to Defendant's *pro se* filing. Doc. 44. Defendant did not file a reply memorandum, and the time for doing so has expired.

The government argues that Defendant's motion must be denied pursuant to 18 U.S.C. § 3582(c)(1)(A) because he failed to exhaust administrative remedies through the Bureau of Prisons ("BOP"). Doc. 44. That code section expressly provides that the Court "may not modify a term of imprisonment" upon a motion brought by a defendant until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id*.; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) (if "the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf," but "[t]o do that, he must 'fully exhaust[] all administrative rights to appeal' with the prison or wait 30 days after his first request to the prison") (quoting 18 U.S.C. § 3582(c)(1)(A)) (alterations in original). This exhaustion requirement is a mandatory claim-processing rule which, when timely raised by the government "must be enforced[.]" *Alam*, 960 F.3d at 833-34; *Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016) (a court may not excuse exhaustion requirements mandated by statute because "mandatory exhaustion statutes … establish mandatory exhaustion regimes, foreclosing judicial discretion").

Here, Defendant neither evidences nor alleges an effort to seek relief through the BOP or exhaust such efforts as required by 18 U.S.C. § 3582(c)(1)(A). Given the government's timely objection to Defendant's failure to meet the exhaustion requirement, the Court must **DENY** his motion.

### C. Appointment of *Pro Bono* Counsel

Defendant next ask the Court to appoint *pro bono* counsel to assist him with the filing of unidentified federal and state civil matters.  Doc. 39.  This motion is **DENIED**.  Doc. 39.  While Congress has authorized courts to appoint counsel in cases where *in forma pauperis* status has been granted, *see* 28 U.S.C. § 1915(e)(1), it has never authorized any funding for such counsel, and the Court cannot compel counsel to serve without compensation.  *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 308-09 (1989); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).

### D. Concurrent Sentences

In his final two motions, Defendant seeks an order finding that his sentence in this case shall run concurrent to one or more of his state criminal sentences (doc. 42) and for the appointment of counsel to assist him in this regard (doc. 43).  There is no information now before the Court regarding the nature of state post-release control proceedings against Defendant but, in his motion, Defendant vaguely alludes to facing a 270-day prison term for post-release control violations in two state criminal cases.  Doc. 43.  In sentencing Defendant, the Court[1] made no finding as to whether or not is sentence would be served concurrent to any state post-release control sanction.

While the undersigned questions whether it has jurisdiction to amend or alter a final judgment imposing sentence, the Court will nonetheless give Defendant an opportunity to supplement his motion with additional information and citation to authority.  Defendant may file such additional briefing within **60 days**.  The government may file a memorandum in opposition within **21 days** thereafter.  The Court will also address Defendant's motion for the appointment of counsel following the parties' briefing on this issue.  A ruling on Defendant's final tow motions (docs. 42, 43) is **STAYED** in the interim.

---

[1] This case was transferred to the undersigned after Defendant's sentencing.  *See* doc. 38.

**IT IS SO ORDERED.**

Date:   February 11, 2021                             s/ Michael J. Newman
                                                                                     Hon. Michael J. Newman
                                                                                     United States District Judge