UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                               Case No. 3:19-cr-182

vs.

KEITH HUNTER,                          District Judge Michael J. Newman

    Defendant.

_____

**ORDER: (1) DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (DOC. NO. 55); (2) ORDERING THE GOVERNMENT TO SUBMIT AN OPPOSITION MEMORANDUM, IN 21 DAYS, IN RESPONSE TO DEFENDANT'S MOTION FOR A SENTENCE MODIFICATION (DOC. NO. 43); AND (3) GRANTING DEFENDANT'S REQUEST FOR A COPY OF HIS SENTENCING HEARING TRANSCRIPT AND ORDERING THE CLERK TO FULFILL THE REQUEST (DOC. NOS. 53, 59)**

_____

       This case is before the Court on several post-conviction motions filed by Defendant and his appointed counsel. Through counsel, Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) before his prison term expires. Doc. No. 55. Defendant also filed *pro se* motions asking (1) that his federal prison sentence be modified to run concurrently with his state sentences (Doc. No. 43); and (2) for the release of his sentencing hearing transcript (Doc. No. 53). The Government filed an opposition memorandum in response to Defendant's compassionate release motion. Doc. No. 58. But the Government did not respond to Defendant's other pending *pro se* motions, and the time for doing so has lapsed. Defendant did not file a reply brief in support of his compassionate release motion, and the time for doing so has passed. Defendant's motions are now ripe for review.

I.

On November 16, 2019, Defendant was arrested while intoxicated in a bar in possession of a 9-millimeter firearm with a round in the chamber, a large-capacity magazine containing 35 rounds of ammunition, and 1 gram of heroin. Doc. No. 19 at PageID 46. Because Defendant had previously been convicted of two felonies, he was indicted on one count of being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. No. 1. He pled guilty, and, on August 14, 2020, was sentenced to a 36-month term of imprisonment to be followed by 3 years of supervised release. Doc. No. 28.

Since his sentence began, Defendant has filed several *pro se* motions, including: (1) a request for *pro bono* counsel to assist him with unknown civil matters; (2) a motion for compassionate release, for which counsel was appointed; and (3) a petition for his federal sentence to run concurrently to his state sentences imposed for violating the terms of his supervised release. Doc. Nos. 34, 39, 42, 43. In a February 11, 2021 Order, the Court denied his request for *pro bono* civil counsel and ordered him to submit further briefing on why his sentences should run concurrently. Doc. No. 45 at PageID 123. The Court also denied his compassionate release motion on procedural grounds, finding he failed to exhaust administrative remedies before the Bureau of Prisons ("BOP"). *Id.* at PageID 125.

Defendant renewed his request for compassionate release. He explained in a *pro se* filing that the prison warden denied his petition. Doc. Nos. 46, 48, 48-1. Defendant again asked for, and the Court granted, appointed counsel to assist with his motion. Doc. Nos. 47, 49. Appointed counsel thereafter filed a supplemental compassionate release motion. Doc. No. 55.

Additionally, Defendant filed a *pro se* motion, styled as a Freedom of Information Act ("FOIA") request, for the release of his sentencing hearing transcript. Doc. No. 53. The Government does not oppose this request.

In sum, 3 motions are pending: (1) a petition for compassionate release; (2) a sentence modification request; and (3) a transcript request. Doc. Nos. 43, 46, 56, 53. The Court will review each in turn.

## II.

Defendant faces a heavy burden to secure an early release. A court may only award compassionate release if it "finds that (1) 'extraordinary and compelling reasons' warrant a reduction; (2) a reduction is 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) the § 3553(a) factors, to the extent applicable, support a reduction." *United States v. Lemons*, -- F.4th --, 2021 WL 4699249, at *1 (6th Cir. Oct. 8, 2021) (quoting *United States v. Ruffin*, 978 F.3d 1000, 1003–05 (6th Cir. 2020)). If each step is satisfied, the court has discretion to reduce a defendant's sentence "but need not do so." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021).

Congress failed to define "extraordinary and compelling" and instead left "that task to the Sentencing Commission." *Id.* A 2006 Sentencing Commission policy statement identifies facts like the defendant's age, medical status, and family circumstances as relevant in the "extraordinary and compelling" analysis. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. The policy statement presumes this showing will be made by the BOP, which, until recently, was required to seek compassionate release on a defendant's behalf. U.S. Sentencing Guidelines Manual § 1B1.13 ("Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment").

The First Step Act of 2018 expanded access to compassionate release. *See United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020). Now, the BOP no longer functions as a "gatekeeper," and inmates -- upon exhaustion of their administrative remedies -- are permitted "to

3

file compassionate-release motions on their own behalf." *Elias*, 984 F.3d at 519. This, however, called into question whether § 1B1.13 remained an applicable policy statement at step 2. *Id.*

In *Elias*, the Sixth Circuit held that courts are not bound by § 1B1.13 while reviewing inmate-filed compassionate release motions. *Id.* Courts may therefore skip step 2 -- application of the policy statement -- where the petition is filed directly by the defendant. *See Lemons*, 2021 WL 4699249, at *1. Added discretion means that courts cannot limit the "extraordinary and compelling" analysis to just the factors set forth in § 1B1.13. *See United States v. Tomes*, 990 F.3d 500, 503 (6th Cir. 2021) ("[T]he district court erred when it constrained itself to the § 1B1.13 factors in determining whether [the defendant] established 'extraordinary and compelling reasons' for a sentence modification").

Defendant contends his familial circumstances present an "extraordinary and compelling" justification for his early release. Doc. No. 55 at PageID 154. Defendant is the father to 2 minor boys. *Id.* He had custody of them before his arrest in this matter. *Id.* at PageID 150. Their mother is currently incarcerated and facing imprisonment for a probation violation. *Id.* Defendant's mother became the children's primary caretaker after he was arrested. *Id.* His mother suffers from kidney failure, receives regular dialysis treatment, and is being evaluated for a kidney transplant. *Id.*; Doc. No. 55-1. Defendant asks for early release to reassume his role as his children's caretaker. Doc. No. 55 at PageID 154.

He also believes the § 3553(a) factors favor his release. *Id.* Defendant understands he committed a serious crime but emphasizes that it was a nonviolent offense. *Id.* He also explains that he is on track to obtain his GED and pursue technical training. *Id.*

The Government argues that Defendant does not present "extraordinary and compelling" circumstances. Doc. No. 58 at PageID 174. The Government insists that, while Defendant's

4

mother suffers from significant health issues, Defendant presents no evidence showing she is incapacitated or otherwise physically unable to care for the children. *Id.* at PageID 175. Moreover, the Government points out, Defendant was found intoxicated in a bar with a firearm and an extended-capacity magazine soon after serving a sentence for two felony burglary convictions. *Id.* This, combined with Defendant's history of probation violations, underscores why, in the Government's view, Defendant presents a danger to the community and is a poor candidate for compassionate release. *Id.* at PageID 177.

For the following reasons, and upon application of § 3582(c)(1)(A)'s framework, the Court **DENIES** Defendant's motion for compassionate release.

### A.

Though § 1B1.13 is a non-binding policy statement, it is still, in this case, a useful starting point in the "extraordinary and compelling" analysis. *See, e.g.*, *Tomes*, 990 F.3d at 503 n.1 (A district court may "consider [the § 1B1.13 factors] as part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release . . . [so long as the court does] not proceed as though § 1B1.13 constrains its analysis of what constitutes extraordinary and compelling reasons for release"); *United States v. London*, No. 3:17-cr-176, 2021 WL 1379394, at *1 (M.D. Tenn. Apr. 12, 2021) (noting the non-binding policy statement "still provides a useful working definition of 'extraordinary and compelling reasons,' and thus may be consulted to 'guide discretion without being conclusive'" (quoting *United States v. Cole*, No. 18-20237, 2021 WL 194194, at *1 (E.D. Mich. Jan. 20, 2021)). Section 1B1.13 identifies the "death or incapacitation of the caregiver of the defendant's minor child or minor children" as constituting "extraordinary and compelling" familial hardship. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(C). Since the First Step Act was enacted, courts also consider whether the need for a caretaker is so dire that the inmate is the only feasible option and the best interests of the child. *See, e.g.*, *London*,

2021 WL 1379394, at *1; *United States v. Davis*, No. 2:13-cr-46, 2021 WL 829367, at *8 (E.D. Tenn. Mar. 4, 2021); *United States v. Seals*, 509 F. Supp. 3d 259, 263 (E.D. Pa. Dec. 22, 2020). Defendant, therefore, must demonstrate (1) his mother is incapacitated and unable to care for herself or her grandchildren and (2) Defendant is the only able, and best-suited, caretaker for his children. *Davis*, 2021 WL 829367, at *8.

Defendant has not met this heavy burden. His mother's medical records show that she is suffering from end-stage renal disease and is under evaluation for a kidney transplant. Doc. No. 55-1 at PageID 160. Though this is a serious medical condition, it alone does not demonstrate Defendant's mother is incapacitated or otherwise incapable of self-care or caring for her grandchildren. *See, e.g.*, *Martin*, 2021 WL 2012561, at *2 (children's caretaker was not incapacitated following a car accident because her medical records showed that she was ambulatory); *United States v. Cruz-Rivera*, No. 11-43, 2020 WL 5993352, at *5 (E.D. Pa. Oct. 9, 2020) (noting that "incapacitated" "has been interpreted to mean 'completely disabled,' and to refer to someone who 'cannot carry on any self-care and is totally confined to a bed or chair" and finding mother who suffered from diabetes and breast cancer not shown to be incapacitated) (quotation omitted). *But see Seals*, 2020 WL 7624948, at *3 (children's caretaker considered incapacitated where stage IV pancreatic cancer rendered her unable to meet the children's needs). Her medical records indicate she is currently receiving a three-hour dialysis treatment once per week. Doc. No. 55-1 at PageID 162. Defendant does not explain whether she is receiving any other form of treatment that would keep her from caring for the children or has experienced a decrease in mobility or cognitive function that would prevent her from being an adequate caretaker.

Nor has Defendant shown he is the children's only viable caretaker. Though the children's mother is currently incarcerated and may receive a prison sentence, Defendant does not rule out

6

other family members who may be able to assume a guardian role or assist the children's grandmother. *See, e.g.*, *Davis*, 2021 WL 829367, at *8 (finding the defendant failed to show he was the only capable caretaker when he did not explain why other family members could not step in). The record is also silent on why it is in Defendant's children's best interest to live him as opposed to his mother. *See, e.g.*, *London*, 2021 WL 1379394, at *1 (finding the defendant to be the only adequate caretaker after the defendant's family certified living with the defendant would be in the child's best interest). Accordingly, Defendant fails to show his familial circumstances to be "extraordinary and compelling."

### B.

Even if Defendant succeeds at step 1, the § 3553(a) factors favor his continued confinement. The Court will review the factors below.

*The nature and circumstances of the offense and the history and characteristics of the defendant* weigh heavily against release. Defendant was convicted of carrying a loaded firearm and an extended capacity magazine in a public space while intoxicated. Doc. No. 19 at PageID 46. This occurred a year after he was released from serving a sentence for two felony burglary convictions. *Id.* Defendant downplays his conduct as a nonviolent crime, but the statute he pled guilty to violating does not adequately capture the potential harm he could have caused had law enforcement not intervened. Moreover, the Court is not persuaded that Defendant would abide by conditions of release, were they imposed, considering his history of probation violations. Doc. No. 58 at PageID 176.

*The need to reflect the seriousness of the offense and afford adequate deterrence to criminal conduct* weigh against release. Defendant is merely a year into his 36-month sentence. An early release would diminish the severity of Defendant's conduct and undermine law enforcement efforts to curb gun violence.

*The need to protect the public from further crimes of the defendant* weighs against release. Defendant is currently serving a sentence for his third felony conviction. All three crimes have involved a threat to person or property and two have included firearms. *Id.* Defendant provides no evidence showing remorse for, or appreciation for the gravity of, these offenses.

*The need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner* weighs against release. Defendant explains he is pursuing a GED and intends to seek technical training. Doc. No. 55 at PageID 164. Yet he provides no reason why he cannot continue to receive education through the prison system.

Based on the foregoing, the Court finds the § 3553(a) factors do not support Defendant's early release. Accordingly, Defendant's motion for compassionate release is **DENIED**.

## III.

Defendant also asks the Court to modify his federal sentence to run concurrently with his state sentence. Doc. No. 42. In its February 11, 2021 Order, the Court explained Defendant did not offer sufficient information about his state sentence for the Court to understand his request. Doc. No. 45 at PageID 126. It also questioned whether it had jurisdiction to amend a judgment of conviction. *Id.* The Court afforded Defendant 60 days to address these questions, deferred a decision on the motion, and gave the Government 21 days thereafter to respond. *Id.* Defendant failed to file a supplemental brief, and the Government has not noticed its opposition.

Since then, the Court has reviewed Defendant's sentencing hearing transcript. Doc. No. 59. During the hearing, Defendant explained he expected to receive a future state sentence for violating the terms of his probation. *Id.* at PageID 205–07. He requested that United States District Judge Cole -- the sentencing judge -- permit him to serve his federal sentence concurrently to his not-yet-imposed state sentence. *Id.* Judge Cole expressed an "intent to try to run [the federal and

8

state sentences] concurrently so [Defendant] would get credit for both" but deferred a decision on the question until a later time. *Id.* at PageID 206.

Defendant's judgment of conviction does not specify whether his sentences were to run concurrently or consecutively or recommend that -- under 18 U.S.C. § 3621(b) -- the Bureau of Prisons designate a state facility as the place of Defendant's imprisonment. Doc. No. 30. Defendant has since been, and is presently, incarcerated in a federal facility. *Id.* As it stands, Defendant will serve the remainder of his federal sentence in a federal facility and then will, presumably, be transferred to state custody to begin a consecutive state sentence. His *pro se* filing indicates his state sentence will last 270 days, but his motion is not accompanied by any documentation from his state court proceedings. Doc. No. 43 at PageID 118. It is therefore unclear whether the state court addressed the concurrent-versus-consecutive issue either. Nor is the Court aware of the parameters of his state sentence.

In order to adequately address Defendant's motion, the Court **ORDERS** the Government to file an opposition memorandum within **21 days** of this Order addressing, *inter alia*, the applicability of 18 U.S.C. § 3621(b) to Defendant's request and whether the Court has subject matter jurisdiction to modify Defendant's sentence.

### IV.

Finally, Defendant requests a copy of his sentencing hearing transcript.[1] Doc. No. 53. The Government does not oppose his request. Therefore, Defendant's motion for a transcript is **GRANTED**. The Clerk shall make all necessary arrangements for preparation and delivery of the transcript.

---

[1] Though styled as a Freedom of Information Act request, the Court will liberally construe the *pro se* filing. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## V.

For the foregoing reasons, the Court: (1) **DENIES** Defendant's motion for compassionate release (Doc. Nos. 46, 55); (2) **ORDERS** the Government file an opposition memorandum in response to Defendant's motion for his federal sentence to run concurrently with his state sentence (Doc. No. 43); and (3) **GRANTS** Defendant's request for a copy of his sentencing hearing transcript (Doc. No. 53).

**IT IS SO ORDERED.**

Date:   October 22, 2021                                          s/Michael J. Newman
                                                                                Hon. Michael J. Newman
                                                                                United States District Judge